UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Montriville Graham

    v.                                    Civil No. 07-cv-008-PB

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

Before the Court is Montriville Graham's petition for a writ of habeas corpus (document no. 1) filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to conduct a preliminary review of all initial filings and any subsequent amendments to those filings by inmates). As discussed herein, I find that the petition may proceed at this time.

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se, the magistrate judge is directed to conduct a preliminary review to determine whether:

> (I) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2)(A).  Upon conducting the review, the magistrate judge may also direct a prisoner to amend the pleading or direct that the complaint be served.  LR 4.3(d)(2)(B) & (C).

In conducting the preliminary review, the Court construes pro se pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

On June 25, 1997, Montriville Graham was convicted, after a jury trial, of one count of aggravated felonious sexual assault alleging that he had engaged in a pattern of sexual assault against a person who was under thirteen years of age by having sexual contact with his stepdaughter.[1] Graham was sentenced to ten to twenty years in the New Hampshire State Prison. Graham appealed his verdict to the New Hampshire Supreme Court. His conviction was affirmed on direct appeal.

---

[1] A second indictment alleged that Graham had engaged in a pattern of sexual intercourse with his stepdaughter. Graham was acquitted of that charge.

In 2002 or 2003, Graham filed a habeas petition in the New Hampshire Superior Court which was dismissed without prejudice. In 2005, Graham alleges that new evidence was made available to him that supports a claim that he is innocent of the crime charged. The evidence consisted of information from Graham's wife, JoAnn Graham, the mother of the complainant, as well as from another individual, Wanda Belloir. Both JoAnn Graham and Belloir provided petitioner with affidavits containing information petitioner claims demonstrates his innocence, would have caused him to be acquitted at trial had it been introduced, and which was not available to him at the time of trial.

Petitioner claims that he requested that his trial lawyer contact these witnesses to interview them and take their depositions prior to his trial. Petitioner's trial counsel told petitioner that the witnesses had been contacted and were not helpful to the defense of the case. Petitioner, who was incarcerated pretrial, relied on the word of his attorney and the witnesses were not called at trial. In 2005, however, both JoAnn Graham and Belloir provided affidavits to petitioner indicating

that they had relevant exculpatory information to impart at trial but not been contacted and/or utilized by defense counsel.[2]

JoAnn Graham's allegedly exculpatory testimony included her assertions that petitioner did not have the opportunity to commit the offense in question due to his work schedule, that the complainant, her daughter, was known to confuse reality and fantasy, that the complainant was getting information to describe the alleged sexual acts from pornographic videos, and that an audiotaped conversation between JoAnn Graham and the petitioner that was presented at trial exonerated petitioner but was presented to the jury out of context in an effort to create a misimpression regarding petitioner's statements.  JoAnn Graham further states that she did not testify at trial because she was issued a misdated subpoena by the prosecution and was thus not in the building when she was called to testify, that the prosecutor threatened to have her children taken from her if she testified for or offered assistance to the defense, and that at the time of trial, the defense was not aware of the exculpatory information

---

[2]There is some inconsistency in the pleadings regarding whether or not petitioner's trial attorney contacted JoAnn Graham prior to trial and whether or not she was cooperative.  I have resolved this conflict, for purposes of preliminary review, in favor of petitioner's claim that his trial attorney failed to obtain available exculpatory information for use at his trial.

to which she would have testified at trial.  Finally, JoAnn Graham averred that irrelevant clothing and videotape evidence were presented to the jury as relevant, and that her testimony at trial would have corrected that misimpression.

Wanda Belloir completed an affidavit stating that she was never contacted by either the prosecution or defense although she had information that was exculpatory to the petitioner in her possession at the time of trial.  Belloir's affidavit also states that the complainant had fabricated the charges against petitioner based on images she saw on pornographic videotapes. Belloir states that the complainant did this in order to separate her mother from her stepfather in an effort to reunite her parents.  Belloir also stated that when she contacted petitioner with this information, petitioner seemed genuinely surprised that she had not been contacted by petitioner's trial counsel as a potential witness in this case.

Petitioner further claims here that the prosecutor engaged in misconduct that deprived petitioner of a fair trial and due process of law by knowingly presenting false testimony at trial regarding the allegations of sexual intercourse,[3] and arguing at

---

[3] Petitioner asserts that prosecutor knowingly pressed a false indictment alleging a pattern of sexual intercourse with

trial that JoAnn Graham believed the complainant's story, while intentionally surpressing the exculpatory testimony of JoAnn Graham by threatening to have her children removed from her care if she were to testify in support of the petitioner at trial. Petitioner alleges that JoAnn Graham was intentionally issued a misdated subpoena for her trial testimony in an effort to keep the jury from hearing her truthful testimony.

The Superior Court denied the habeas petition on August 22, 2005. Petitioner appealed the denial to the New Hampshire Supreme Court, which declined the appeal on January 13, 2006.[4]

---

his stepdaughter although the physical evidence presented at trial demonstrated that no intercourse had taken place.

[4]The instant petition was filed within one year of the date that the New Hampshire Supreme Court declined petitioner's final habeas petition. Petitioner concedes that he has exceeded the one year limitations period imposed by § 2244(d), but asserts that this period should be equitably tolled, based on his claim of actual innocence, and on the basis that he was deprived of the right to present evidence of his innocence at trial by the ineffective assistance of his trial counsel and the misconduct of the prosecution, until one year after the final appellate decision on his 2005 state habeas petition that raised the newly discovered evidence. Because this is preliminary review, I will not decide at this time whether or not the matter should be equitably tolled, whether or not the petitioner may be excused or exempted from compliance with the expired one-year limitations period on any other basis, or whether the limitations period began anew when the new evidence was discoverable or discovered by Graham, as I find that petitioner certainly has presented at least an arguable basis upon which to challenge an affirmative defense based on the statute of limitations.

This petition followed alleging that the conviction violated Graham's federal constitutional right to the effective assistance of counsel under the Sixth Amendment and that prosecutorial misconduct had resulted in a violation of his Sixth Amendment right to a fair trial and Fourteenth Amendment due process right.[5]

## Discussion

To be eligible for habeas relief, Graham must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). As briefly addressed herein, I find that Graham has presented sufficient facts to demonstrate that he has

---

[5]Petitioner alleges further that the trial court lacked jurisdiction to hear the charges because the prosecution proceeded despite an absence of "probable cause." This issue is more properly considered a further allegation against the propriety of the prosecution's actions in pursuing a case against the petitioner despite apparent evidence undermining the strength of the state's case. Such a claim does not rob the trial court of jurisdiction, however, and I will consider this claim to be part of the prosecutorial misconduct claim.

met both of those requirements to allow the petition to proceed at this time.

Graham is currently incarcerated. Therefore, he meets the "in custody" requirement of § 2254(a).

Regarding the exhaustion requirement of § 2254(b), a petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims, including the federal nature of the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

Here, Graham has submitted with his federal habeas petition a copy of the petition he filed in the New Hampshire Superior Court in 2005. In that petition, he raises the ineffective assistance of counsel claims as well as the prosecutorial

misconduct claims pressed here, including the federal constitutional nature of each of those claims.  While Graham has not submitted a copy of his notice of appeal or the attachments thereto, I will presume that the state petition was presented to the New Hampshire Supreme Court for consideration along with the notice of appeal.  Accordingly, I find that Graham has sufficiently demonstrated exhaustion to allow his federal habeas action to proceed at this time.[6]

## Conclusion

I direct that Graham's petition be served on the Respondent. See § 2254 Rule 4.  The Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The

---

[6]Of course, if it is determined later that petitioner did not raise or present his federal constitutional claims to the New Hampshire Supreme Court for consideration, the petition will be subject to dismissal for failure to exhaust.

answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:     February 7, 2007

cc:       Montriville Graham, pro se